IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pat Gitler, et al.,                                    Case No. 3:08CV2618

           Plaintiff

v.                                               ORDER

Mark Dann, et al.,

           Defendant

       This is a *pro se* civil suit which was dismissed for want of merit. [Doc. 6]. Thereafter plaintiff filed a motion to reopen the case [Doc. 14], which I overruled for the same reason. [Doc. 18]. Now pending is plaintiff's motion, captioned, in part, "60B Motion for Relief From Fraudulent Judgment." [Doc. 19]. The defendants oppose the motion.

       Throughout these proceeding, plaintiff has sought review of a state court judgment. Though she now refers to habeas corpus in her current motion, nothing in any of her pleadings indicates that she would be entitled to such relief – which is available only to persons convicted of and confined for state criminal charges. *See generally* 28 U.S.C. § 2254.

       Plaintiff does not qualify for habeas corpus relief. Even if she were convicted of criminal charges and confined in a state penal institution, she has not exhausted her state court remedies.

       There is no merit whatsoever to plaintiff's current motion, which shall be denied.

Plaintiff's continued pleading in this matter have reached a point where sanctions under 28 U.S.C. § 1927 appear to be appropriate. That provision states:

> Any attorney *or other person* admitted to conduct cases in any court of the United States or any Territory thereof *who so multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[Emphasis supplied].

Plaintiff's meritless filings have become unreasonable and vexatious, and have cost the taxpayers the time and effort of those government counsel who have had to oppose those pleadings. I estimate the cost to the taxpayers to be $1,000 as to each set of counsel.

It is, therefore

ORDERED THAT:

1. Plaintiff's motion for relief from judgment be, and the same hereby is overruled.

2. Plaintiff shall show cause on or before April 15, 2009, why she should not be sanctioned in the amount of $2,000 under 28 U.S.C. § 1927 for unreasonably and vexatiously maintaining litigation and the expenses thereby incurred by the defendants in responding to such litigation; plaintiff's failure to show such cause shall result in entry of judgment against her in the amount of $2,000, to be shared equally by counsel for the state and federal defendants.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge