IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pat Gitler,          Case No. 3:08CV2618

    Plaintiff

    v.          ORDER

State of Ohio, Richard Cordray
    Attorney General of Ohio, et al.,

    Defendants

This is a frivolous suit by a *pro se* plaintiff. Plaintiff, Pat Gitler, sued the defendants, Attorney General of Ohio, United States Attorney, and United States Attorney General [collectively "the Government"] alleging meritless claims arising from a well on her property.

Pending is my show cause order as to why I should not impose sanctions under 28 U.S.C. § 1927. [Doc. 23]. For the following reasons, I sanction Gitler $2,000.

**Background**

On November 6, 2008, Gitler filed this case in federal court alleging multiple claims from negligence to mail fraud. I dismissed for lack of subject matter jurisdiction. [Doc. 6]. It appears that Gitler brought this federal case in an effort to appeal a state court decision. She then filed a motion

1

entitled "To Have Case Re-Opened," which I overruled for lack of merit. [Doc. 18]. In so doing, I cautioned Gitler that further unsuccessful attempts to persuade me to reconsider my decision would likely lead to an order requiring her to pay for the defendants' attorney's fees and costs. I also cautioned Gitler that appeals would not be taken in good faith.

Despite my orders, on January 1, 2009, Gitler filed a "Motion for Relief From Fraudulent Judgment," which I overruled. [Doc. 23]. Instead of immediately sanctioning Gitler, I gave her the chance to show cause as to why I should not sanction her $2,000 for unreasonably and vexatiously maintaining litigation and increasing expenses. In response, on March 30, 2009, Gitler filed a notice entitled "Judgment is Void," [Doc. 25][1] and a motion captioned "Plaintiff Entitled to Representation in Court/Jury Trial Request." [Doc. 27]. Neither adequately respond to my show cause order.

## Discussion

Federal law provides for an award of costs and fees where an attorney has "multiplie[d] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "An award of attorney's fees, whether granted under 28 U.S.C. § 1927 . . . or under the court's 'inherent powers,' rests in the sound discretion of the trial court." *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986). *See also Bockrath v. General Motors Delphi Corp.*, 2008 WL 440456, * 1 (N.D.Ohio) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction *pro se* litigants under that

---

[1] The Government argues the "Order is Void" pleading should be overruled per previous orders in this case. I agree.

provision even after dismissing a case for lack of subject matter jurisdiction. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-39 (6th Cir. 2002) (citing 28 U.S.C. § 1919 and *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992)); *Grossman v. Garratt & Evans*, P.C., 1993 WL 140913, * 2 (6th Cir.); *Moore v. Int'l Brotherhood of Elec. Workers, Local 8*, 2003 WL 22722931, * 1 (N.D.Ohio); *Amadasu v. Holloway Credit Solutions*, LLC, 2009 WL 948767, * 8 (S.D.Ohio) (sanctioning a *pro se* litigant while noting that the Sixth Circuit previously upheld such sanctions).

I sanction Gitler under 28 U.S.C. § 1927 because she has continued to file meritless pleadings after having been notified that doing so would result in sanctions for her continued maintenance of unfounded, frivolous and vexatious litigation.

In response to my show cause order, Gitler merely restates the same untenable arguments in her complaint. As I said when I first dismissed Gitler's case, the federal courts cannot constitutionally serve as a court of appeals for state courts. It was unreasonable for Gitler to ask me to reconsider dismissing her case. She views the law not as it is, but what she mistakenly believes it ought to be. I, furthermore, have made it known that I generally do not take motions to reconsider at all favorably. *See, e.g., The Andersons, Inc. v. Consol*, *Inc*., 208 F.Supp.2d 847, 850 (N.D.Ohio 2002).

Gitler's actions are vexatious because she incessantly files motions pursuing a claim that is decidedly meritless. Even more troubling is that even after I warned of sanctions, Gitler has disregarded my orders to refrain from filing additional motions to reconsider. Despite her new filings, Gitler has not responded to the one question to which I requested an answer. She has failed to provide any explanation as to why her claims are not unreasonable and vexatious.

Gitler disregarded federal jurisdiction and filed documents despite my warnings that I would not receive them in good faith. Her actions are certainly vexatious. The costs incurred by the court and defendants should be returned to the taxpayers.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT plaintiff be, and she hereby is sanctioned in the amount of $2,000, payable in the amount of $1,000 as the office of the Ohio Attorney General shall direct and in the amount of $1,000 as the office of the United States Attorney for the Northern District of Ohio shall direct.

Further, the court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

        s/James G. Carr
        James G. Carr
        Chief Judge